UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD PAK ZERN,

Plaintiff,

v. Case No. 2:26-cv-2152-KCD-KRH

DMD JEFFREY P. MILES, CENTURION MEDICAL PROVIDER, GERBER, CHAPLAIN STASNEY, and CHAPLAIN MOSLEY,

Defendants.
_______________________________/

**ORDER TO AMEND**

Plaintiff Ronald Pak Zern, a prisoner of the Florida Department of Corrections proceeding *pro se*, filed a civil rights complaint alleging several unrelated constitutional violations at the Charlotte Correctional Institution. (Doc. 1.) Zern has also filed two motions for appointment of counsel (Doc. 4; Doc. 12) and an "emergency" motion for the Court to take notice of prison conditions. (Doc. 7.)[1] Zern seeks leave to proceed in forma pauperis, and the complaint is before the Court for initial screening.

---

[1] The Court alerted the Warden of Charlotte Correctional Institution of Plaintiff's concerns in his "emergency" motion. (Doc. 8.) No further action will be taken on the motion, which raises additional unrelated allegations.

For the reasons explained below, the Court concludes that Zern must file an amended complaint if he wishes to proceed. His motions for appointment of counsel are denied.

## I. Screening Standard

A prisoner who seeks to proceed as a pauper in this Court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). This screening procedure requires the court to dismiss a prisoner's civil action before service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.

The rules governing dismissals for failure to state a claim under the screening statutes are largely the same as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Under Rule 12(b)(6), a complaint "does not need detailed factual allegations," but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). A complaint may not rest on "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678.[2] Instead, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Likewise, a complaint may be dismissed as frivolous when the Court discerns from its face "that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Davis v. Kvalheim*, 261 F. App'x 231, 235 (11th Cir. 2008).

## II. Discussion

In his 26-page complaint, Zern raises several unrelated claims. He alleges that Dentist Jeffrey P. Miles pulled one of Zern's healthy teeth in retaliation for the grievances Zern filed against him. (Doc. 1 at 4.) He complains that another inmate (instead of a paid employee) at Charlotte Correctional Institution prepares his medically-prescribed diet, which is a breach of contract that endangers his life. (Doc. 1-1 at 2.) He complains that his food tray is improperly labeled with medical information, violating his privacy. (*Id.* at 3.) He complains about the quality and quantity of food served at the prison and alleges that he is "115 pounds underweight by health regulated standards." (*Id.*) He complains that two chaplains at the prison did

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this, and subsequent citations.

not approve him for a religious diet program at the prison merely because he was unable to explain why he needed it. (Doc. 1-4 at 2.)

In the last 16 pages of the complaint, Zern brackets almost every word or phrase in parentheses, making it difficult to follow his reasoning or to determine whether he is attempting to create full sentences. But because Zern proceeds pro se—and because the alleged facts are insufficient for the Court to conclude that amendment would be futile—he may file an amended complaint on First Amendment retaliation and/or medical deliberate indifference claims against his dental provider if he wishes to proceed. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action."). When filing his amended complaint, Zern must consider the following:

**A. Unrelated claims belong in separate complaints.**

Under Rule 20(a)(2) of the Federal Rules of Civil Procedure, a plaintiff may not join unrelated claims and defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." And "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Constr. Aggregates, Ltd. v. Forest*

*Commodities Corp.*, 147 F. 3d 1334, 1337 n.6 (11th Cir. 1998); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees.").

Here, there does not appear to be a logical relationship between Zern's dental claims, his food-related claims, and his religious freedom claims. Thus, if Zern amends his complaint or files additional complaints, he must confine the claims in each complaint to a single set or subset of related facts. Simply put, Zern must raise unrelated claims in separate complaints.

**B. Zern must comply with the Federal Rules of Civil Procedure.**

Even as a pro se litigant, Zern must comply with minimal pleading standards. Thus, if he files an amended complaint, Zern shall put the facts in sequentially numbered paragraphs. He shall leave a line space between each numbered paragraph so that the allegations are easy to read. Zern should neatly print his words and avoid using parentheses and underlining words unless absolutely necessary.

Further, Zern must clearly describe how each named defendant is involved in the alleged constitutional violations. Although (as noted) the complaint need not set forth detailed factual allegations, the facts alleged by Zern must contain sufficient allegations to show that the individual defendant

personally participated in the alleged constitutional violation. *See Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003).

There is no vicarious liability for constitutional claims against individual government actors, and "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. Finally, defendants who are named in the styling but not otherwise discussed in the body of the complaint will be dismissed from this action without further opportunity to amend.

In short, while the Court will liberally construe a pro se complaint, it will not read between the lines to create an actionable complaint on Zern's behalf. *See GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]") (citations omitted); *Barmapov v. Amuial*, 986 F.3d 1321, 1328 (11th Cir. 2021) (Tjoflat, J., concurring) ("[D]istrict courts are flatly forbidden from scouring shotgun complaints to craft a potentially viable claim for a plaintiff.").

**C. The state and its agencies are immune from suit for monetary damages.**

Zern names every defendant in their individual and official capacities. Official-capacity suits are equivalent to suits against the state and thus barred by the Eleventh Amendment, except when they seek prospective injunctive

relief. *Edelman v. Jordan*, 415 U.S. 651, 677 (1974). In short, states and state agencies cannot be sued for monetary damages in federal court without consent under the Eleventh Amendment. *Pennhurst State School & Hospital v. Halderman*, 465 US. 89, 100 (1984).

The Florida Department of Corrections (FDOC) is a state agency for Eleventh Amendment purposes. *See*, *e.g.*, *Walden v. Fla. Dep't of Corr.*, 975 F. Supp. 1330, 1331 (N.D. Fla. 1996) (noting that the FDOC is "a state agency that is clearly the equivalent of the State of Florida for Eleventh Amendment purposes"). Neither Florida nor the FDOC has consented to suit in federal court or waived Florida's Eleventh Amendment immunity for the types of claims raised in Zern's complaint.

**D. Zern's motions for appointment of counsel are denied.**

Zern seeks appointment of counsel and asserts that he has a legal right to be represented in this action. (Doc. 7.) But a civil litigant—even one proceeding pro se—has no right to the appointment of counsel. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Instead, and at most, the court would solicit the bar for attorneys interested in *volunteering* to serve as appointed counsel, which is justified only by exceptional circumstances. *Id.*

There are no exceptional circumstances necessitating the appointment of counsel here. *See Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). Zern's confinement and lack of legal knowledge does not distinguish him from

other incarcerated pro se plaintiffs. Accordingly, his motions to appoint counsel (Doc. 7; Doc. 12) will be denied. Should this case proceed to trial, the Court will reconsider Zern's request for counsel.

Likewise, Zern's request for the Court to "summon" documents (Doc. 12) is denied. If the case proceeds on an amended complaint, the Court will issue a case management order providing the timelines and rules for discovery.

## III. Conclusion

At bottom, Zern attempts to raise multiple unrelated claims in a single complaint, and the Court is unable to discern whether the alleged facts could state any claim on which relief may be granted. To the extent he wishes to do so—and can comply with the applicable procedural rules and the orders of the court—Zern may file an amended complaint. Zern must raise any unrelated claims in separate complaints. An amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011).

Accordingly, it is **ORDERED**:

1. Within **TWENTY-ONE (21) DAYS** from the date of this Order, Zern may file an amended complaint, in compliance with this Order.

2. Zern's motions for appointment of counsel (Doc. 7; Doc. 12) are **DENIED**. His emergency "motion to take notice" (Doc. 7) is **DENIED**. Zern's motion for issuance of subpoena (Doc. 12) is **DENIED**.

3. If Zern does not timely and **fully** comply with this Order in the time allotted or explain his inability to do so, this case will be dismissed without further notice for failure to prosecute.

4. The **Clerk** is **DIRECTED** to send Zern a blank prisoner civil rights complaint form.

**ENTERED** in Fort Myers, Florida on September 23, 2026.

Kyle C. Dudek
United States District Judge