UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD PAK ZERN,

Plaintiff,

v. Case No. 2:26-cv-2152-KCD-KRH

DMD JEFFREY P. MILES,
CENTURION MEDICAL
PROVIDER, GERBER,
CHAPLAIN STASNEY, and
CHAPLAIN MOSLEY,

Defendants.
_______________________________/

**ORDER**

Plaintiff Ronald Pak Zern, a prisoner of the Florida Department of Corrections proceeding *pro se*, filed a civil rights complaint alleging several unrelated constitutional violations at the Charlotte Correctional Institution (CCI). (Doc. 1.) He has now filed a motion asking the Court to transfer him from CCI to a different prison to keep Defendants from tampering with his food trays in retaliation for this lawsuit. (Doc. 15.)[1]

Principles of federalism limit the scope of a federal court's power to intervene in the internal operations of state and local agencies. *Rizzo v. Goode*, 423 U.S. 362, 378-80 (1976). And federal district courts "do not sit to supervise

[1] Plaintiff raised similar allegations in his complaint. The Court alerted the Warden of Charlotte Correctional Institution of Plaintiff's concerns. (Doc. 8.)

state prisons, the administration of which is [of] acute interest to the states." *Meachum v. Fano*, 427 U.S. 215, 228–29 (1976). Thus, Zern's request to transfer from CCI must be made to an appropriate state official, not a federal district court. *Id.* at 225 ("Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose."); *Cooper v. Reynold*, 540 F.2d 731, 732 (4th Cir. 1976) (noting that it is well settled that Federal Courts do not occupy the "role of super wardens of the state penal institutions").

Zern's motion that this Court order him transferred to a different facility (Doc. 15) is, therefore, **DENIED**.

**ORDERED** in Fort Myers, Florida on October 6, 2026.

Kyle C. Dudek
United States District Judge